Hughes Degruy **DRUMM**, Ben Carollo, Buddy Laker

v.

**SIZELER REALTY COMPANY, INC.**

**Civ. A. No. 86–2104.**

United States District Court, E.D. Louisiana.

Nov. 5, 1986.

Henry L. Klein, Trial Atty., Winthrop G. Gardner, Henry L. Klein, A Professional Law Corporation, New Orleans, La., for plaintiff.

J. David Forsyth, Trial Atty., Lisa J. Avery-Peck, Atty., Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, La., for defendant.

### ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on a motion to dismiss or for summary judgment seeking dismissal of plaintiff's antitrust action. The record, the pleadings and admissible documentary evidence and the representations made by counsel at the hearing demonstrate that the following facts are undisputed.[1]

(1) Beginning October 15, 1979 through at least July 27, 1981, plaintiffs and defendant were negotiating to lease space for a movie theater in Uptown Square Shopping Center. (See plaintiff's Complaint).

(2) On July 27, 1981, plaintiffs were informed that Joseph Costello would be granted a lease at Uptown Square Shopping Center for a movie theater. (*See Id.* ¶ 10).

(3) On June 17, 1983, plaintiff filed suit against Sizeler Realty Company and The

---

1. Local Rules 3.9 and 3.10 provide that allegations of uncontested material statements of facts not denied are admitted. Each of the facts numbered (1) through (8) in this Order and Reasons is supported by Defendant's 3.9 Statement to the extent not specifically denied by plaintiffs. Additional sources for undisputed facts are indicated in the text.

Equitable Life Assurance Company entitled, *Hughes Drumm, et al v. Sizeler Realty Co., Inc., et al*, No. 83–10164, Civil District Court for the Parish of Orleans. (See certified copy of state court proceedings).

(4) The original petition in No. 83–10164 of Civil District Court alleged damages for detrimental reliance by plaintiffs on alleged representations by Sizeler and Equitable. (*See* Civil District Court Petition, ¶¶ 4–6).

(5) On September 20, 1985, plaintiffs amended their state court petition in No. 83–10164 to add a claim for damages against Sizeler for violation of the Louisiana antitrust laws, LSA–R.S. 51:121. (*See* certified copy of amended state court petition).

(6) On May 16, 1986, the Civil District Court entered two orders. It dismissed the amended petition on an exception of prescription or alternative motion for summary judgment brought by Sizeler.[2] (*See* certified copy of state court judgment). On the same date, the state court also granted a motion for summary judgment brought by Sizeler and Equitable dismissing the original state court petition and the claims asserted therein due to the plaintiff's failure to state a cause of action. (*See* certified copy of state court order).

(7) Also, on May 16, 1986, plaintiffs filed this proceeding.

(8) The complaint herein alleges claims for damages growing out of an alleged violation by Sizeler of federal antitrust laws, 15 U.S.C. §§ 1, 14 & 15.

(9) In February 1982, as admitted by plaintiffs' and defendant's counsel, Equitable Life Assurance Society, the owner of Uptown Square, confected with a Mr. Joe Costello, a lease for an Uptown Square movie theater. (*See* plaintiff's 3.10 statement).

The contentions of the parties may be summarized as follows: Plaintiffs claim they entered into negotiations with defendant Sizeler on or about October 15, 1979 to lease space for a movie theater at Uptown Square Shopping Center; plaintiffs allegedly made extensive preparations for leasing such space. On July 27, 1981, plaintiffs were informed that another prospective lessee, Joe Costello, would be granted the lease mentioned above for a movie theater and that they would not be granted a lease.

Plaintiffs contend they were not leased the Uptown Square Shopping Center space because they refused defendant Sizeler's demand that they also lease space for a movie theater at a less desirable Westbank location, which demand amounted to "tying" the two leases, a violation of the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. §§ 14–15. (*See* Complaint, ¶¶ 9, 10 & 13, and Depositions of Leonard Laker, p. 23; Ben Carollo, pp. 14, 24 & 25; Hughes Drumm, pp. 44 & 45).

In order to resolve whether defendant's motion to dismiss should be granted, the Court must determine whether plaintiffs' claim is time barred or whether there was a tolling of the statute of limitations, equitably or otherwise, because of the state court proceedings prosecuted by plaintiffs.

The statute of limitations governing federal antitrust actions provides:

> Any action to enforce any cause of action under Section(s) 15, . . . of this title shall be forever barred unless commenced within four years after the cause of action accrued. . . .

15 U.S.C. § 15b.

Thus, defendant contends that plaintiffs' claim filed herein on May 16, 1986, is time barred on the face of the complaint.[3] However, plaintiffs urge this Court to accept a two-step dance around the federal antitrust

---

2. State antitrust claims have a one year prescriptive period.

3. If the federal antitrust action accrued on July 27, 1981, the date plaintiffs agree they were notified a lease would not be entered into with them, the four year statute would run on July 27, 1985. If the federal antitrust action accrued sometime in February 1982, the month a lease for a movie theater was signed with Costello, the four year statute would run sometime in February of 1986.

statute of limitation to resuscitate their claim. First, the plaintiffs contend that the alleged antitrust violation accrued some seven months after plaintiffs were told they would not be granted a lease for an Uptown Square movie theater, that is, not when plaintiffs were notified they would not receive a lease, but rather when a lease was, in fact, signed with another party. Second, plaintiffs urge this Court to accept the notion that although their state antitrust suit was dismissed because it had not been timely filed, their state suit could serve to equitably toll the federal antitrust statute of limitation, thereby making plaintiffs' May 16, 1986 federal action timely.

### *The Federal Antitrust Action Accrued on July 27, 1981*

For plaintiffs to successfully argue defendant's alleged violations of the Sherman and Clayton Acts accrued beyond July 27, 1981, they must be able to prove defendant's alleged antitrust activities continued beyond that date.

■ A violation is considered to be continuing only if and to the extent a plaintiff's interests are continually invaded. This occurs either when a defendant has committed several overt acts, each of which causes damage and which together constitute a continuing conspiracy, or when defendant commits one act which by its very nature constitutes a continuing antitrust violation. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *Alabama Optometric Ass'n. v. Alabama State Bd. of Health,* 379 F.Supp. 1332 (M.D.Ala.1974). An antitrust violation does not continue beyond the time it inflicts one legal, competitive injury. *Kaiser Aluminum & Chem. Sales, Inc., supra.*

■ A new antitrust cause of action does not accrue to a plaintiff when an alleged antitrust offender simply makes a single

business decision which becomes the basis of an antitrust suit (in this case, not to lease to plaintiffs) and continues to adhere to that initial decision which causes no new and unrelated competitive injury. *Woodbridge Plastics, Inc. v. Borden, Inc.,* 473 F.Supp. 218 (S.D.N.Y.1979), *aff'd.,* 614 F.2d 1293 (2d Cir.1979); *In re Multidistrict Vehicle Air Pollution,* 591 F.2d 68, 72 (9th Cir.) *cert. denied,* 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979); *Poster Exchange, Inc. v. Nat. Screen Serv. Corp.,* 517 F.2d 117, 128, *reh. denied,* 520 F.2d 943 (5th Cir.1975), *cert. denied,* 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643, 425 U.S. 971, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976).

■ As stated earlier, both defendant and plaintiffs agree negotiations for Uptown Square movie theater space began in October of 1979 and ceased July 27, 1981. Between those dates, plaintiffs allege the defendant attempted to "tie" the proposed Uptown Square lease to a less desirable Westbank theater location. Plaintiffs allege their unwillingness to lease the Westbank location led to the July 27, 1981 notification by defendant Sizeler that plaintiffs would not receive the Uptown Square lease. Neither defendant nor plaintiff allege any contact with one another after July 27, 1981. Clearly, if plaintiffs were damaged by an alleged antitrust violation, that damage occurred on or before July 27, 1981. Thus, when plaintiffs amended their state court petition on September 20, 1985 to allege a state antitrust claim, not only had their state claim prescribed, but had they filed a federal claim on that same day, it too would have been time barred.

### *Regardless of which Date the Alleged Antitrust Violation Accrued, the Prescribed State Antitrust Claim did not Toll the Federal Antitrust Statute of Limitations*

Plaintiffs rely on a theory that somehow their time barred state antitrust claim [4] and, their separate state claim dismissed for failing to state a cause of action served to equitably toll the statute of limitations

---

4. Insofar as state law is concerned, the state suit was time barred whether one employs the date of July 27, 1981 when plaintiffs learned they would not get the leases or February, 1982, when the lease was granted to Mr. Costello.

for the purpose of this federal claim. In support of these contentions, plaintiffs rely, in part, on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713, *reh. denied*, 415 U.S. 952, 94 S.Ct. 1477, 39 L.Ed.2d 568 (1974). However, the facts of that case are inapposite.

In *American Pipe*, the State of Utah commenced in federal court a class action on behalf of public bodies and state and local agencies who were allegedly injured by American Pipe's antitrust violations. Suit was filed on May 13, 1969, eleven days short of a year after entry of a final consent decree previously obtained by the United States to restrain federal antitrust violations, but more than four years after the alleged violation.[5] On December 12, 1969, class certification was denied and eight days thereafter, plaintiffs claiming membership in the original class filed motions to intervene as individual plaintiffs in the State of Utah's suit.

Emphasizing that the statute of limitations "is tolled under certain circumstances not inconsistent with the legislative purpose," the Court held the Utah class action was properly filed within the one year extension of the federal limitation period provided in 15 U.S.C. § 16(b),[6] which then specifically suspended the statute of limitations for one year after the United States had obtained a consent decree.

■ By contrast, the *Drumm* state antitrust claim had prescribed before it was filed in state court. Furthermore, while Congress has provided that antitrust actions brought by the United States toll the limitation period for private antitrust actions brought as a result of the Government's antitrust prosecution, Congress has

not provided that private state antitrust actions brought in state court toll the limitation period for private federal antitrust claims brought in federal court.

The Court also finds distinguishable the decision of *Mt. Hood Stages, Inc. v. Greyhound Corp.*, 616 F.2d 394 (9th Cir.), *cert. denied*, 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980). The *Mt. Hood* court held the four year antitrust limitation period could be tolled based solely on the principles of equity. However, in that case, the plaintiff was unable to present his claim to any federal court prior to a decision by the Interstate Commerce Commission (ICC) whose proceedings and investigations extended over a period of nearly four years. The court held:

> [W]hether the time limitation ... is tolled during the pendency of a prior judicial or administrative proceeding depends upon whether permitting the subsequent litigation to proceed will further the purposes of Congress in creating the cause of action and in limiting the period of filing. *Burnett v. New York Central Railroad*, 380 U.S. 424, 426–27, 85 S.Ct. 1050, 1053 [13 L.Ed.2d 941 (1965)]; *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554–56, 94 S.Ct. 756, 766–67, [38 L.Ed.2d 713] (1974).

616 F.2d 394 at 436.

By contrast, plaintiffs in this case were not required to proceed initially before a federal commission having original jurisdiction over their claims, nor did anything else prevent plaintiffs from timely filing their federal antitrust claim. Plaintiffs' facility and ability to timely file their federal claim is further demonstrated by their filing this federal claim the very same day the state proceedings were dismissed (May 16, 1986).

---

**5.** The same defendant had also been found guilty of antitrust violations in a previous antitrust brought by different plaintiffs pursuant to the same consent decree obtained by the United States. For a complete procedural history, *see American Pipe*, 94 S. Ct. 756 at 759–762.

**6.** At the time of the *American Pipe* decision, 15 U.S.C. § 16(b) provided:
Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the

anti-trust laws, ... the running of the statute of limitations in respect of every private right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter. ...

The provisions of 15 U.S.C. § 16(b) were amended December 21, 1974, Pub. L. 93–528 and by Pub.L. 94–435 on September 30, 1976 and are now contained in 15 U.S.C. § 16(i).

Thus, plaintiffs have not demonstrated any equitable bar or any act by anyone or entity involved which caused them to sleep on their rights in this case. In order to permit the application of an equity tolling, there must be some equitable principle consonant with the antitrust legislative scheme limiting the period within which the action must be brought, and none has been shown or alleged:

> As the Court stated *In Order of Railroad Telegraphers v. Railroad Express Agency,* 321 U.S. 342, 64 S.Ct. 582 [88 L.Ed. 788] (1944), statutory limitation periods are "designed to promote justice by preventing surprises due to revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim, it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.,* at 348-49, 64 S.Ct., at 586. The policies of insuring essential fairness to defendants [includes] ... barring a plaintiff who "has slept on his rights," *Burnett v. New York Central R. Company,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941.

*American Pipe, supra,* 94 S.Ct. 756 at 766-67.

Congress has specifically provided for the period of time within which to bring private antitrust causes of action. Therefore, it would be inequitable to permit plaintiffs' two nonactionable state antitrust causes of action to extend the time for filing a federal cause of action beyond the four years fixed by Congress, simply because plaintiffs, at their option, desired to attempt to pursue state remedies first.

Since, as heretofore demonstrated, there is no factual issue to be determined by the finder of fact with respect to whether the claim is timed barred, summary judgment is appropriate in this case. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, et al,* 799 F.2d 218 (5th Cir.1986);

*Anderson v. Liberty Lobby, Inc.,* — U.S. —, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The Court finds that for the reasons herein stated, plaintiffs' claim is time barred.

Accordingly, the Clerk of Court is hereby directed to enter a judgment DISMISSING plaintiffs' claim at their cost.