Hughes Degruy DRUMM, Ben Carollo
and Buddy Laker,
Plaintiffs-Appellants,

v.

SIZELER REALTY COMPANY, INC.,
Defendant-Appellee.

No. 86–3873
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 1, 1987.

Henry L. Klein, Winthrop G. Gardner, New Orleans, La., for plaintiffs-appellants.

J. David Forsyth, Lisa J. Avery-Peck, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, La., for defendant-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The issue before us in this case is whether the doctrine of equitable tolling can salvage Drumm's untimely filed federal antitrust cause of action. We answer this inquiry negatively, and affirm the district court.

According to Drumm's complaint, his group negotiated from October, 1979 through at least the first half of 1981 to acquire lease space for a movie theatre in Uptown Square Shopping Center in New Orleans. The lessor allegedly required as a condition of signing this lease that Drumm also lease a less favorable location. On July 27, 1981, the Drumm group were informed that a third party would be awarded the lease, and the third party allegedly executed a lease in February, 1982.

On June 17, 1983, Drumm filed suit against Sizeler and the Equitable Life Insurance Company in Louisiana state court, seeking damages for detrimental reliance on alleged representations by the defendants. On September 20, 1985, the Drumm group amended their state court petition to add a claim for violation of the Louisiana antitrust laws. The state court granted summary judgment on the former claims and dismissed the state antitrust law claims for untimely filing. Louisiana law antitrust claims prescribe in one year. *Loew's, Inc. v. Don George, Inc.*, 237 La. 132, 110 So.2d 553, 558 (1959) (applying La.Civ.Code Ann. art. 3536 (West 1953), predecessor of La.Civ.Code Ann. art. 3492 (West Supp.1987)).

On May 16, 1986, the Drumm group filed the instant lawsuit alleging damages growing out of a tying violation of the federal antitrust laws, 15 U.S.C. §§ 1, 14, and 15. 647 F.Supp. 1288. The Clayton Act was amended in 1955 to set a four-year limitation on the filing of federal antitrust actions. 15 U.S.C. § 15b. On appeal, Drumm does not argue that his federal antitrust claim was timely filed according to this limitation, rather, he relies on equitable tolling alone to render the filing timely. According to Drumm, the purposes of federal antitrust law are fully realized only if his claim is not barred by limitation. It is not "inequitable" to require the defendant to defend a claim with whose issues they have essentially become familiar during the state litigation. To that issue we turn.

Appellants rely principally on two cases, which are distinguishable in fact and, even more critically, in their basic rationale. In *American Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Supreme Court permitted a tolling of the antitrust laws' statutes of limitation [1] in a case which was timely filed as a class action but was subsequently held not to be maintainable pursuant to Federal Rule of Civil Procedure 23 because the class lacked the required numerosity. Fed. R.Civ.P. 23(a)(1). The Supreme Court permitted intervention, after this finding, by putative class members whose claims, but for the pendency of the class action, would have been untimely filed. The Court construed the necessity for equitable tolling to arise from the nature and purposes of Federal Rule 23. All potential plaintiffs had the right to rely on, and were bound by, the procedures related to a class action while it was underway. As the Court held, "the commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs." *Id.* at 551, 94 S.Ct. at 765. Thus, unlike the present case, the original action in *American Pipe* was timely filed, and equitable tolling was found necessary to construe the federal antitrust law and the class-action rules consistently with each other.

In *Mt. Hood Stages, Inc. v. Greyhound Corp.*, 616 F.2d 394 (9th Cir.1980), *cert. denied*, 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980), the involvement of the parties in a proceeding before the Interstate Commerce Commission, which had primary jurisdiction over their antitrust dispute, was held to toll the four-year federal antitrust limitation statute. The plaintiff in *Mt. Hood* was unable to present his claim to any federal court prior to a decision by the Interstate Commerce Commission.

■ In principle, tolling the federal antitrust statute of limitation by reference to an earlier-filed private state antitrust action bears none of the hallmarks of necessity which should characterize a decision to effect an equitable tolling.[2] The plaintiff in each of the above cases was unable to control the date of filing of his lawsuit, because of the pendency of a Rule 23 class action or the existence of primary antitrust jurisdiction in a governmental agency. The only other bases for equitable tolling previously recognized in antitrust law, fraudulent concealment and deceit by defendant, *see American Pipe*, 414 U.S. at 559, 94 S.Ct. at 769, similarly depend on the plaintiff's inability to protect himself by a timely filing of suit. If the plaintiff has been unable, through no fault of his own, to seek timely relief under the federal antitrust laws, then the vigilant enforcement of those laws contemplated in the allowance of private actions has been thwarted. Un-

---

**1.** Not only was the four-year statute involved, 15 U.S.C. § 15b, but also a one-year extension thereof where a private case follows a government enforcement proceeding. *American Pipe*, 414 U.S. at 541–42, 94 S.Ct. at 760 (applying § 5(b) of the Clayton Act, 38 Stat. 731, as amended, 15 U.S.C. § 16(b)).

**2.** See *Ramirez de Arellano v. Alvarez de Choudens*, 575 F.2d 315 (1st Cir.1978) (so long as actions are not barred by the pendency of prior actions, "prior judicial actions do not toll the statute of limitations, no matter how close their relationship to the one at bar." *Id.* at 319 & n. 3.); *accord Pace Industries, Inc. v. Three Phoenix Co.*, 813 F.2d 234, 240–41 (9th Cir.1987).

fairness results to the innocent plaintiff and, indirectly, to society in the absence of equitable tolling.

The filing of a state-law based antitrust claim, by contrast, lies wholly within the discretion of the plaintiff. Often, such a lawsuit is filed in state court for tactical reasons, such as the availability of more generous damages or injunctive relief in the state court, or the possibility that a lawsuit may proceed faster to trial there. Unlike cases involving fraudulent concealment or deceitful conduct by the defendant, Drumm's filing of a state antitrust claim in this case indicates his awareness of the ramifications of the defendants' complained-of conduct. That plaintiff Drumm chose to pursue a state law remedy first does not undermine the guiding principles of federal antitrust law. Rather, the availability of state law remedies against anticompetitive activities should be viewed as a complement to the federal law. There is, in short, no equity in Drumm's position that the filing of a state law antitrust claim can toll the limitations on the federal cause of action. The Ninth Circuit recently reached this conclusion in *Pace Industries, Inc. v. Three Phoenix Co.*, 813 F.2d 234, 240–41 (9th Cir.1987), distinguishing *Mt. Hood Stages* as resting on considerations of federal policy and primary jurisdiction.

We additionally observe that if the filing of a state antitrust claim could equitably toll the antitrust statute of limitations, this would amount to a judicially mandated tacking of applicable state limitations periods onto the federal limits. No sensible view of the goal of federal antitrust laws or of the power entrusted to the federal judiciary could sanction such a capricious and unfounded amendment to 15 U.S.C. § 15b. The result would be capricious, because of the variety among applicable state statutes of limitations. It would be unfounded, because it is at war with the express congressional limitation periods.

We can do no better in conclusion than to quote the Supreme Court:

As the Court stated in *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788, statutory limitation periods are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim, it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.*, at 348–349, 64 S.Ct., at 586. The policies of ensuring essential fairness to defendants [includes] ... barring a plaintiff who "has slept on his rights," *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941....

*American Pipe*, 414 U.S. at 554, 94 S.Ct. at 766–67. The federal limitations period here demands strict observance.[3]

The judgment of the district court is AFFIRMED.

---

3. Drumm raised no issue whether tolling could be based on the speculative damage rationale of *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). We reject appellee's motion for an award of attorneys' fees.