**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1354

IRIS MONROUZEAU,

Plaintiff, Appellant,

v.

ASOCIACIÓN DEL HOSPITAL DEL MAESTRO, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

Before

Lynch and Howard, Circuit Judges,

and Restani,* Judge.

Mariángela Tirado-Vales, with whom Ricardo Collazo-Suarez was on brief, for appellant.
Miriam González Olivencia for appellee.

November 3, 2005

---

*Chief Judge of the United States Court of International Trade, sitting by designation.

**Per curiam**. Plaintiff Iris Monrouzeau appeals the district court's entry of summary judgment in favor of defendant Asociacíon del Hospital del Maestro, Inc. (Hospital), on the ground that her suit, brought pursuant to the Emergency Treatment Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, following the death of her mother at the Hospital, was untimely. Monrouzeau concedes that the suit was brought outside EMTALA's two-year statute of limitations, but asserts that there is a genuine issue of material fact whether an earlier malpractice action filed by her against the Hospital and several of its physicians in the Puerto Rico Court of First Instance should toll the running of EMTALA's limitations period.

Monrouzeau's argument is largely premised on an assertion that she timely pleaded an EMTALA claim in the Commonwealth court action. The Hospital contests whether Monrouzeau's Commonwealth court complaint set forth an EMTALA claim, and Monrouzeau's alternative argument in favor of equitable tolling -- that she did not learn that she had a viable EMTALA claim until she received a copy of her expert report in the Commonwealth court action (after the EMTALA limitations period had run)[1] -- tends to support the

[1]Monrouzeau's late discovery of her federal cause of action does not make this an appropriate circumstance to apply the equitable tolling doctrine. This sparingly applied doctrine, see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89,96 (1990), is generally available only where circumstances beyond the plaintiff's control precluded timely filing, see Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2003). And here, there is no reason to think that Monrouzeau's late discovery of her federal cause of action was beyond her control.

Hospital's position.  But even if we assume, solely for the sake of argument, that the Commonwealth pleadings did set forth an EMTALA claim, and even if we further assume, over the Hospital's contrary argument, that the running of EMTALA's limitations period, in some cases, may be equitably tolled, Monrouzeau is not entitled to tolling here.

That Monrouzeau timely pleaded her federal claim in the Commonwealth court action -- where she was allowed to have it adjudicated, see Burks v. St. Joseph Hosp., 596 N.W. 391, 400 (Wisc. 1999) -- does not entitle her to replead it beyond the statutory window in this parallel federal lawsuit.  See Ramirez de Arellano v. Alvarez de Choudens, 575 F.2d 315, 319 (1st Cir. 1978) ("[P]rior judicial actions generally do not toll the statute of limitations, no matter how close their relationship to the case at bar."); accord Drumm v. Sizeler Realty Corp., 817 F.2d 1195, 1196 n.2 (5th Cir. 1987); Pace Indus., Inc. v. Three Phoenix Co., 813 F.2d 234, 240 (9th Cir. 1987).  So far as we can tell, there are no additional equities on Monrouzeau's side favoring tolling.  The equitable tolling doctrine is not a means by which a litigant may belatedly reconsider a choice to pursue a federal claim in a non-federal forum.

**Affirmed**.