**Irene MARCZAK, as Administratrix of the Goods, Chattels and Credits which were of Louis Stanley Marczak, Deceased, Plaintiff,**

v.

**McALLISTER BROS., INC., Defendant.**

**No. 77 Civil 1641.**

United States District Court,
S. D. New York.

Oct. 3, 1977.

---

**35.** H. Friendly, Benchmarks 46 (1967).

Kenneth Heller, New York City, for plaintiff.

Maccaro, Newmark, Lamb, Dowling & Marchisio, New York City, for defendant; Juvenal L. Marchisio, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Eight years after decedent's death, the plaintiff administratrix commenced this action to recover damages upon various causes of action under the Jones Act, Death on the High Seas Act and the General Maritime Law. The case has had a tortured history in the State Supreme Court, where another action was previously instituted by the administratrix. The state action has been marked by inordinate delays, inattention and what appears to be gross negligence in its prosecution.[1] Not surprisingly the defendant now moves to dismiss this action on the ground that the Jones Act claim is barred by the three-year statute of limitations and the other claims by laches.

The state court action was initially commenced in December 1970, some sixteen months after the decedent's death. In July 1973, after a failure by plaintiff's counsel to serve a bill of particulars or take depositions, plaintiff filed a Note of Issue without a Statement of Readiness. In June 1974, plaintiff moved to extend time to file a Statement of Readiness and to take depositions. This motion was denied "on the grounds that plaintiff has had three years in which to take said depositions and one year since the filing of the Note of Issue and has failed to show any reason whatsoever for failure to comply with the rules of this court as set forth in section 660.4(d)."[2]

Plaintiff neither appealed from this decision nor did she move to restore the case to

---

1. Plaintiff's present counsel was not her counsel in the state action.

2. Rule 660.4(d) then provided:

    No cause shall be advanced to or placed on any reserve calendar or ready day calendar, until a statement of readiness . . . is served and filed. If such a statement of readiness is not filed within one year from the date of the filing of the note of issue, the action shall be stricken from the calendar by the clerk, unless otherwise ordered by the

the calendar within a year. Accordingly, the action was automatically dismissed in July 1975 pursuant to Rule 3404 of the New York Civil Practice Law and Rules.[3] Thereafter, plaintiff made at least three motions to vacate the default and restore the case to the calendar. These motions were denied on November 10, 1975, January 14, 1976, and July 21, 1976. Plaintiff has filed an appeal of two of these orders although the record does not indicate what action, if any, has been taken on those appeals.

■ The parties concede that the three-year statute of limitations of the Jones Act is tolled during the pendency of the state court action. *Burnett v. New York Central R.R.* held that the statute was tolled "until the state court order dismissing the state action becomes final by the running of the time during which an appeal may be taken or the entry of a final judgment on appeal."[4] The automatic dismissal under Rule 3404 thus ends the tolling period. In order to restore the case to the calendar after dismissal, a party must move for relief from the judgment of the court. Until the dismissal is set aside by a motion to vacate, "no action is pending."[5]

■ Plaintiff's numerous motions to vacate cannot, in bootstrap fashion, continue to toll the statute of limitations. The record is replete with instances of neglect and delay over an eight-year period that have

prejudiced the defendant. The three-year period expired in March 1977, twenty months after the July 1975 dismissal.[6]

■ Plaintiff's causes of action under the General Maritime Law and Death on the High Seas Act[7] must fail on the ground of laches. Plaintiff's conduct of the case is inexcusable (indeed no excuse is offered) and defendant has been prejudiced by disappearance of witnesses and the fading of memories that eight years' distance from the accident must cause. It is unfortunate that the acts of counsel must bar this plaintiff, the widow of the decedent, who has yet to receive her day in court. But as the Supreme Court stated in *Burnett*:

> Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–49 [64 S.Ct. 582, 586, 88 L.Ed. 788]. Moreover, the courts ought to be relieved

---

court for good cause shown. . . . Any action not restored to the calendar within one year after having been stricken therefrom shall be subject to dismissal pursuant to CPLR 3404.

3. Rule 3404 provides:
   A case in the supreme court or a county court marked "off" or struck from the calendar . . . and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order.

4. 380 U.S. 424, 435, 85 S.Ct. 1050, 1058, 13 L.Ed.2d 941 (1965).

5. *Campbell v. Puntoro,* 36 A.D.2d 568, 569, 317 N.Y.S.2d 768, 769 (1971). *See* 4 J. Wein-

stein, H. Korn & A. Miller, New York Civil Practice ¶ 3404.04 and cases cited therein.

6. This calculation also includes the sixteen-month period after decedent's death and prior to the commencement of the action.

7. Plaintiff's cause of action under the Death on the High Seas Act, 46 U.S.C. § 761 *et seq.,* must be dismissed on another ground as well. Section 767 of Title 46 provides "this chapter [shall not] apply to the Great Lakes or to any waters within the territorial limits of any State". The complaint alleges that the decedent's death occurred in the vicinity of Kingston, New York. The Court takes judicial notice of the fact that the Hudson River, near Kingston, New York, is entirely within the territorial limits of New York State.

of the burden of trying stale claims when a plaintiff has slept on his rights.[8]

The dilatory practice of plaintiff's counsel does not require the federal courts to become a forum for "saving" stale state actions.

The motion to dismiss is granted.

So ordered.

---

**8.**   380 U.S. at 428, 85 S.Ct. 1050, 1054.