HOUSTON, Justice
(dissenting).
As a preface to my dissent, I note that the real parties in interest are the State of Alabama, which is the entity paying aid to a dependent child, and W.J., who is the person reimbursing the State the amount specified by court order. The trial court retained jurisdiction of this paternity action to determine the amount W.J. was to pay to the state; and, in 1989, it doubled the *364 weekly amount that W.J. was required to pay.
The trial court granted W.J.’s Rule 60(b)(6), A.R.Civ.P., motion after it was scientifically determined that W.J. could not be the biological father of G.J.’s minor child; therefore, there was nothing that the. trial court could do to preserve a father-child relationship between W.J. and G.J.’s minor child. Did the trial court abuse its discretion? The majority of the Court of Civil Appeals and the majority of this Court held that it did. I cannot agree.
The “truth,” as we now know it, is that W.J. is not the biological father of G.J.’s minor child. This has been recognized by all. There are no disputed facts from which the trier of the facts must ascertain truth. In this case, truth is a given; and the truth is that W.J. is not the biological father of GJ.’s minor child. Should we hold that the trial court abused its discretion in determining that truth should not be time-barred and ruling that W.J. was not legally responsible to continue to reimburse the state? I think not.
The policy of repose was designed to protect defendants. Burnett v. New York Central R.R., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). It is a practical and pragmatic policy that spares the courts from the litigation of stale claims after memories have faded, witnesses have disappeared or died, and evidence has been lost. The policy of repose represents expedience rather than principle. In this case, when no memories have faded, no witnesses have disappeared or died, and no evidence has been lost, I cannot hold that the trial court abused its discretion when it refused to sacrifice “truth” on the altar of expediency.
In William Faulkner’s Sartoris, Horace Benbow observes:
“The law, like poetry, is the final resort of the lame, the halt, the imbecile, and the blind.”
In dissent, I draw from the other discipline of the disadvantaged. In James Russell Lowell’s “The Present Crisis,” these lines begin the concluding stanza:
“New occasions teach new duties; Time wakes ancient good uncouth;
“They must upward still, and onward, who would keep abreast of Truth....”