79 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas FAUST, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5145.
 United States Court of Appeals, Federal Circuit.
 March 8, 1996.
Rehearing Denied April 8, 1996.
 
 Before MICHEL, PLAGER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Thomas Faust appeals from the April 19, 1995 decision of the United States Court of Federal Claims, No. 94-487C, dismissing his Fifth Amendment takings claim as time barred. The trial court denied Faust's motion for reconsideration on July 6, 1995. The appeal was submitted for decision on the briefs on March 4, 1996. Because we discern no error in the trial court's April 1995 decision that, on the basis of the record then before it, Faust's takings claim is time barred, and because we discern no abuse of discretion in the trial court's denial of his motion for reconsideration, we affirm.
 
 DISCUSSION
 
 2
 The Court of Federal Claims lacks jurisdiction over a takings claim filed after the six year statute of limitations set forth in 28 U.S.C. § 2501 expires. Bath Iron Works Corp. v. United States, 20 F.3d 1567, 1572 n. 2 (Fed.Cir.1994). Faust alleges that the taking occurred in September 1987, but he did not file his complaint until July 1994, more than six years later. Thus, unless tolled, the statute of limitations bars his claim.
 
 
 3
 In its April 1995 decision, the trial court concluded that Faust's takings claim was indeed barred by the statute of limitations. Though Faust had contended that the statute of limitations should be equitably tolled with respect to one of the four counts of his complaint, he did not raise this contention with respect to the takings count. The trial court's conclusion was thus the result of simple math: September 1985 is more than six years before July 1994.* All parties agree that this decision was correct on the record then before the court.
 
 
 4
 Faust first asserted that the limitations period on his takings claim had been equitably tolled in his motion for reconsideration under Rule 59. Specifically, Faust argued that a motion he had filed with the bankruptcy court under 11 U.S.C. § 506(c) in July 1992 tolled the limitations period, citing cases such as Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), and Burnett v. New York Central R.R., 380 U.S. 424 (1965).
 
 
 5
 The trial court denied Faust's motion for reconsideration, reasoning that "a party cannot sustain a Rule 59 motion by belatedly alleging facts previously available, but which the party was derelict in presenting." According to the trial court, since Faust himself had filed the motion under section 506(c) in 1992, two years before he filed his complaint in the Court of Federal Claims, he was "obviously aware of it" when he filed the complaint and when he crafted his response to the government's motion to dismiss. Indeed, as the government indicates in its brief before this court, Faust was also aware of the bankruptcy court's denial of the motion in May 1994, two months before he filed the instant suit. In short, Faust simply failed to bring this equitable tolling theory or the facts on which it is based to the trial court's attention before or during the pendency of the government's motion to dismiss.
 
 
 6
 On appeal, Faust argues, among other things, the merits of the tolling theory first presented in his motion for reconsideration, i.e., that his section 506(c) motion in the bankruptcy court equitably tolls the statute of limitations on his takings claim. We assume, without deciding, that he is correct. Faust fails, however, to argue, much less demonstrate, that the trial court committed reversible error in denying his motion for reconsideration. Only by succeeding in such a demonstration could Faust put the merits of the tolling argument squarely before us.
 
 
 7
 We review the trial court's decision denying a motion for reconsideration for abuse of discretion. Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed.Cir.1990). As one of our predecessor courts observed some time ago, "[l]itigants should not, on a motion for reconsideration, be permitted to attempt an extensive re-trial based on evidence which was manifestly available at the time of the hearing." Gelco Builders & Burjay Constr. Corp. v. United States, 369 F.2d 992, 1000 n. 7 (Ct.Cl.1966). Faust makes no effort to show that he was ignorant of the section 506(c) motion until after the trial court dismissed his complaint. Moreover, his resort to an equitable tolling theory in connection with a different count of his complaint demonstrates that his status as a pro se claimant did not put this particular legal theory beyond his grasp. We thus cannot conclude that the trial court abused its discretion in denying Faust's motion for reconsideration and rejecting his belated attempt to inject the new facts and theory of equitable tolling into an already decided case. The propriety of the dismissal of Faust's takings claim must turn on the correctness of the April 1995 decision on the record then before the court.
 
 
 8
 Faust chose not to make the section 506(c) motion equitable tolling argument before the court's April 1995 decision, and we will not relieve him from the legal consequences of that choice. The trial court's April 1995 decision dismissing Faust's takings claim as barred by the statute of limitation, indisputably correct on the record then before it, is affirmed.
 
 
 
 *
 Though the trial court found, on the basis of Faust's earlier filings, that the event alleged to be a taking occurred in 1985 rather than 1987, the error is harmless: 1987, like 1985, is more than six years before 1994