2008 OK CIV APP 22

**Octavio C. RODRIQUEZ,
Plaintiff/Appellant,**

v.

**JOHNSTON'S PORT 33, INC.,
an Oklahoma corporation,
Defendant/Appellee.**

No. 104,637.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Jan. 28, 2008.

Richard L. Peaster, Richard L. Peaster & Associates, Tulsa, OK, for Plaintiff/Appellant.

Brandon S. Nichols, Looney, Nichols & Johnson, PLLC, Oklahoma City, OK, and Douglas Gossow, Goldstein & Price, L.C., St. Louis, MO, for Defendant/Appellee.

JOHN F. FISCHER, Presiding Judge.

¶ 1 Octavio C. Rodriquez appeals from the Trial Court's dismissal of his case on statute of limitations grounds. Based on our review of the record on appeal and applicable law, we affirm.

## BACKGROUND FACTS

¶ 2 On July 24, 2001, Rodriquez was injured while working as a deck hand for his employer Johnston's Port 33, Inc. Rodriquez filed an Oklahoma workers' compensation claim on April 18, 2002, to recover for his injuries. While that case was pending, Rodriquez sued Port 33 on November 13, 2003, in Muskogee County District Court claiming he was a seaman entitled to relief pursuant to the Jones Act. *See* 46 U.S.C.A. § 688 (West 1975) (repealed 2006 and revised at 46 U.S.C.A. § 30104(a) (West Supp.2007)). On November 2, 2005, Rodriquez voluntarily dismissed that suit.[1] On September 19, 2006, the Workers' Compensation Court found that it did not have jurisdiction to decide Rodriquez's claim because he was a seaman as that term is defined in the Jones Act, and, therefore, his exclusive remedy was provided by that Act. Rodriquez refiled his Jones Act claim in Muskogee County District Court on October 26, 2006.

¶ 3 Port 33 moved to dismiss Rodriquez's second District Court filing for failure to

---

1. The dismissal resulted after Rodriquez failed to respond to discovery requests to the satisfaction of Port 33. Port 33 moved to compel discovery. The parties resolved that motion by an agreement, which provided that discovery would be forthcoming or the case would be dismissed without prejudice. Port 33 subsequently moved to enforce this agreement resulting in the dismissal of November 2, 2005.

state a claim on which relief could be granted, arguing that the applicable three-year statute of limitations barred his suit. The Trial Court granted that motion and dismissed Rodriquez's case. The sole issue to be resolved in this appeal is whether Rodriquez's second filing in Muskogee County District Court was time barred.

## STANDARD OF REVIEW

¶ 4 In reviewing an order dismissing a case for failure to state a claim on which relief can be granted, the appellate court applies a de novo standard to determine if the plaintiff's petition is legally sufficient. *Fanning v. Brown,* 2004 OK 7, ¶ 4, 85 P.3d 841, 845. The facts alleged in the petition and reasonable inferences derived therefrom are taken as true. *Id.* Consequently, this Court must determine whether relief is possible pursuant to any set of facts that could be proved within the scope of the allegations contained in the petition. *Lockhart v. Loosen,* 1997 OK 103, ¶ 4, 943 P.2d 1074, 1077. The appellate court has plenary, independent and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.,* 1996 OK 125, n. 1, 932 P.2d 1100, 1103 n. 1.

## DISCUSSION

¶ 5 The Workers' Compensation Court determined that Rodriquez was a "seaman" whose exclusive remedy for the injuries incurred on July 24, 2001, was provided by the Jones Act. That decision is final and binding on the parties and this Court. *See* 85 O.S. 2001 § 3.6(C). *See also Nealis v. Baird,* 1999 OK 98, ¶ 51, 996 P.2d 438, 457–58. The Jones Act incorporates the Federal Employers' U.S.C.A. Liability Act, 45 U.S.C.A. §§ 51–60 (West 2007) (FELA), including FELA's three-year statute of limitations.[2] 45 U.S.C.A. § 56. The fact that the present case was filed beyond that three-year period,

and the dates on which Rodriquez's other filings occurred are not in dispute. Consequently, the circumstances of this case present two situations under which tolling might apply to save the current filing from dismissal.

¶ 6 First, we must determine whether the filing of the original Jones Act case tolled the three-year statute. The United States Supreme Court has addressed this issue with respect to a FELA claim holding that a properly filed claim in a state court having jurisdiction tolls the limitations period "during the pendency of the state suit." *Burnett v. New York Cent. R.R. Co.,* 380 U.S. 424, 435, 85 S.Ct. 1050, 1058, 13 L.Ed.2d 941 (1965). The problem here is that while Rodriquez's original Jones Act case effectively tolled the statute while it was pending, less than nine months remained of the three-year limitations period after it was filed. After the November 2005 dismissal, Rodriquez did not refile until more than eleven months had passed.

¶ 7 Rodriquez recognizes this circumstance but argues that the second Jones Act case was timely if Oklahoma's saving statute, 12 O.S.2001 § 100, is applied. Section 100 permits the refiling within one year of any case dismissed other than on its merits. Rodriquez's voluntary dismissal would qualify, and his second Jones Act case was filed within one year of the dismissal of the first case. However, as the Trial Court correctly observed, the United States Supreme Court rejected this argument in *Burnett.* Noting that thirty-one states, including Oklahoma, had saving statutes of various lengths, the Court held: "The incorporation of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity." *Burnett,* 380 U.S. at 433, 85 S.Ct. at 1057. Consequently, section 100 is unavailable to Rodriquez.

2. Title 46 U.S.C.A. § 688 (West 1975)(revised, 46 U.S.C.A. § 30104(a)(West Supp.2007)) provides that "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply [to Jones Act seamen]." *See Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 546–47, 80 S.Ct. 926, 931, 4 L.Ed.2d 941 (1960) ("[W]ith the passage of the Jones Act in 1920 … Congress effectively obliterated all distinctions between the kinds of negligence for which the shipowner is liable, as well as limitations imposed by the fellow-servant doctrine, by extending to seamen the remedies made available to railroad workers under [FELA].").

¶ 8 Therefore, the second issue we must determine is whether the filing of the workers' compensation case tolled the statute. Clearly, the current case would be timely filed if the workers' compensation case tolled the three-year statute. No Oklahoma decision has addressed this issue. On this matter of federal law, however, we must follow the decisions of the federal courts even though state and federal courts have concurrent jurisdiction of Jones Act claims. *Pipkin v. U.S. Postal Serv.,* 951 F.2d 272, 274–75 (10th Cir.1991). In *Wilson v. Zapata Off–Shore Co.,* 939 F.2d 260 (5th Cir.1991), the Fifth Circuit concluded that a Longshore and Harbor Workers' Compensation Act (LHWCA) claim did not toll the three-year statute of limitations applicable to the plaintiff's Jones Act claim. We find nothing in that analysis that would distinguish a federal LHWCA claim from a claim filed pursuant to Oklahoma's Workers' Compensation Act.

¶ 9 As the *Wilson* Court noted, when faced with the prospect of alternative and even mutually exclusive forums, a plaintiff can file a "protective Jones Act claim." *Id.* at 268. Rodriquez, in fact, chose that course of action for a period of time. There is nothing in his voluntary dismissal suggesting he was misled in dismissing his original Jones Act case. *See Glus v. Brooklyn E. Dist. Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). In fact, the circumstances of that dismissal support application of the statute in this case. As the *Burnett* Court noted, statutes of limitation are designed to "assure fairness to defendants .... by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Burnett,* 380 U.S. at 428, 85 S.Ct. at 1054. The original Jones Act case was dismissed because Rodriquez chose not to fulfil discovery obligations attendant to that case. As was true in *Wilson,* Rodriquez's workers' compensation case, in which the negligence of Port 33 was not an issue, did not afford Port 33 an opportunity to prepare a defense before the Jones Act allegations became stale. Consequently, the filing of Rodriquez's workers' compensation case did not toll the statute of limitations applicable to his Jones Act case.

## CONCLUSION

¶ 10 While the filing of the original Jones Act case tolled the applicable statute of limitations, the present case was not filed within the time remaining after voluntary dismissal of the first case. The filing of Rodriquez's workers' compensation case did not toll the Jones Act statute of limitations. The present case is, therefore, time barred. We find that the Trial Court correctly granted Port 33's motion to dismiss and affirm the judgment of the Trial Court.

¶ 11 **AFFIRMED.**

RAPP, C.J., and WISEMAN, J., concur.