NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3025

ARI B. SWARTZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,

Intervenor.

Ari Ben Swartz, of Las Cruces, New Mexico, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel and Jeffrey A. Gauger, Attorney.

David A. Harrington, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Jeanne E. Davidson, Director and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3025

ARI B. SWARTZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,

Intervenor.

Petition for review of the Merit Systems Protection Board in DE3443080273-I-1.

_____

DECIDED: March 31, 2009

_____

Before LOURIE, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Ari Swartz appeals from the final order of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely filed. <u>Swartz v. Nat'l Aeronautics & Space</u>

Admin., DE-3443-08-0273-I-1 (M.S.P.B. June 20, 2008). Because the Board did not err in finding that Swartz's appeal was untimely filed, we affirm.

BACKGROUND

In 2006, Swartz sought a position at the National Aeronautics and Space Administration ("NASA") in Las Cruces, New Mexico. Upon learning that he had not been selected for that position, Swartz filed two complaints at the Office of Special Counsel ("OSC"). Swartz's first complaint, filed on July 27, 2006, alleged that NASA had engaged in improper hiring practices in violation of 5 U.S.C. § 3202(b)(4), (b)(8), and (b)(12). On August 23, 2006, after learning that OSC would not be seeking corrective action on Swartz's behalf on the first action, Swartz submitted a second complaint to OSC alleging that NASA had failed to hire him because he had made protected disclosures to the NASA Office of Inspector General and to Congress. On January 17, 2007, OSC informed Swartz that it would not take action on that second complaint.

Over five months later, on May 27, 2007, Swartz filed three separate actions in the U.S. District Court of New Mexico alleging that NASA had violated federal hiring procedures. Those actions, which we are not reviewing on appeal, were dismissed at various times in 2008.

On March 26, 2008, Swartz filed an individual right of action ("IRA") appeal to the Merit Systems Protection Board ("Board"). Swartz's IRA appeal alleged that NASA's failure to hire him was in retribution for his having disclosed alleged weaknesses at NASA that he discovered while performing his duties as a contractor employee. On April 11, 2008, the AJ issued an order informing Swartz that his IRA appeal appeared to

be untimely filed. On May 5, 2008, both NASA and Swartz submitted responses addressing the timeliness issue. On May 19, 2008, NASA replied to Swartz's response. Swartz replied to NASA's response the next day, May 20, 2008 (the "May 20, 2008 Replies"), one day after the record closed on the issue of timeliness.

In an initial decision on June 20, 2008, the administrative judge held that Swartz's IRA appeal was untimely filed. Concluding that an appeal from the closing of OSC's investigations would have had to have been filed in March 2007, within sixty-five days of OSC's notification of denial, the AJ found that Swartz's appeal was filed late. See 5 C.F.R. § 1209.5(a)(1). In fact, his appeal was filed over one year after the permissible appeals period. On appeal, the Board adopted the AJ's decision, thus becoming the Board's final decision in the case.

Swartz timely appealed the Board's dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of an appeal from a Board decision is limited. We can only set aside Board decisions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Swartz, as the petitioner, bears the burden of proof on the issue of timeliness of his appeal. 5 C.F.R. § 1201.56(a)(2).

On appeal, Swartz does not allege that his IRA appeal was timely filed. Rather, he argues for waiver of the filing deadline. In doing so, he first argues that the Board

erred in failing to consider his May 20, 2008 Replies on the timeliness issue. According to Swartz, his replies were electronically filed on May 19, but the AJ improperly relied on the hand-stamped date of May 20. Swartz also contends that the filing deadline should be waived under an equitable estoppel theory.

In response, the MSPB and NASA (collectively, "the government") concede that the May 20, 2008 Replies were timely filed, but argue that such a mistake amounted to harmless error inasmuch as the Board considered the replies in its decision. Furthermore, the government argues that this court has never applied equitable tolling in an IRA appeal and that we need not to so in this case.

We agree with the government. First, we agree that the AJ did not fail to consider Swartz's May 20, 2008 Replies. As an initial matter, Swartz alertly points out the AJ's mistake in dating his submissions. As Swartz correctly notes, 5 C.F.R. § 1201.14(m) states that the timeliness of electronic submissions is judged as of the time zone in which the pleading is filed. In this case, that is the Mountain Time Zone. Because Swartz's replies were received on May 19, 2008 in that time zone, they were timely.

However, we disagree with Swartz's assessment of the magnitude of the AJ's error. We find that such error was harmless, because regardless whether the submissions were considered timely by the AJ, they clearly were taken into consideration in the AJ's decision. That fact is demonstrated by the AJ's citation of both of those submissions in the initial decision. Swartz, at *7 (identifying late-filed material as IAF, tabs 11 & 12); id. at *8 (citing of IAF, tabs 11 & 12 in deciding the issue). Thus,

because the AJ considered Swartz's replies, the incorrect entry times associated with those replies constituted harmless error.

Furthermore, we agree with the government that Swartz's untimely filing is not excused by equitable tolling. In Irwin v. Office of Personnel Management, 498 U.S. 89 (1990), the Supreme Court created a "rebuttable presumption" that equitable tolling applies in suits against the United States. Id. at 95-96. However, the Court stated that equitable tolling has been allowed in cases in which the claimant has pursued his appeal but has "filed a defective pleading," or where the claimant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. at 96. Neither of those justifications for equitable tolling is evident in the present case.

Swartz did not file a timely, yet defective, pleading, nor did he file a timely pleading in the wrong court. He did file suits in district court, but those suits, had they been filed at the Board, would still have been untimely. Thus, it cannot be said that Swartz filed a timely, yet defective, pleading in this case. Cf. Burnett v. N.Y. Cent. R.R. Co., 308 U.S. 424 (1965) (plaintiff timely filed complaint in wrong court).

Swartz also claims that OSC's failure to notify him of his appeal rights justifies invoking equitable tolling. Again, we disagree. Nothing in OSC's correspondence with Swartz can be construed as a misrepresentation, and there is no statutory requirement that OSC notify claimants of their appeal rights. Thus, OSC's failure to inform Swartz of his appeal rights after notification of the end of its investigation does not constitute the type of misconduct that would make equitable tolling appropriate.

Accordingly, because the Board properly dismissed Swartz's appeal as being untimely filed, we affirm the Board's decision.

2009-3025

COSTS

<u>No costs</u>.