12-3344-cv
L.A. Printex Indus., Inc. v. Pretty Girl of Ca., Inc., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

L.A. PRINTEX INDUSTRIES, INC., a California Corporation,

Plaintiff-Appellee,

-v.-                                    12-3344

Does 1-10,

Defendants,

   and

PRETTY GIRL OF CALIFORNIA, INC., a New York Corporation, individually and doing business as Pretty Girl, PRETTY GIRL, INC., a New York Corporation, ALBERT NIGRI, an individual,

Defendants-Appellants.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**          DANIELLE DERMESROPIAN (Vano I. Haroutunian, <u>on the brief</u>) Ballon Stoll Bader & Nadler, P.C., New York, New York.

**FOR APPELLEES:**          STEPHEN DONIGER, Doniger / Burroughs, APC, Culver City, California, (Kevin C. Taylor, Schnader Harrison Segal & Lewis LLP, New York, New York, <u>on the brief</u>).

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Pretty Girl of California, Inc. and Pretty Girl, Inc. (collectively, "Pretty Girl") and their owner, Albert Nigri, appeal from the judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>), holding them liable for willful copyright infringement, and jointly and severally liable for $40,000 in damages to L.A. Printex Industries, Inc. ("L.A. Printex"). On appeal, Pretty Girl and Nigri challenge the denial of their motions for judgment as a matter of law ("JMOL") and for remittitur of damages, arguing: (1) there was insufficient evidence to support a finding of willful infringement; (2) the $40,000 damage award "shocks the judicial conscience" and must be reduced; and (3) L.A. Printex's claim is barred by laches. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** The district court's ruling on a post-verdict motion for JMOL under Rule 50(b) is reviewed <u>de novo</u>. <u>Runner v. N.Y. Stock Exch., Inc.</u>, 568 F.3d 383, 386 (2d Cir. 2009). A Rule 50 motion may be granted only if, "after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of the non-moving party, [the court] finds that there is insufficient evidence to support the verdict." <u>Fabri v. United Techs. Int'l, Inc.</u>, 387 F.3d 109, 119 (2d Cir. 2004).

When a plaintiff can demonstrate, either directly or through circumstantial evidence, that the defendant had knowledge that his actions constituted infringement, or recklessly disregarded such possibility, enhanced statutory damages for willful copyright infringement under 17 U.S.C. § 504(c)(2) may be awarded.  See Bryant v. Media Right Prods., Inc., 603 F.3d 135, 143 (2d Cir. 2010) (reciting the standard for proving willful infringement); Isl. Software & Computer Serv. v. Microsoft Corp., 413 F.3d 257, 264 (2d Cir. 2005) (noting that a plaintiff can prove willfulness "by proffering circumstantial evidence that gives rise to an inference of willful conduct").  L.A. Printex, a California-based company, presented evidence that all samples of its designs contained copyright notifications, that the design on the infringing skirt was identical to those on the samples, and that Pretty Girl and Nigri had close connections to another "Pretty Girl" company in California, owned by Nigri's father, which likely manufactured the skirt.  The garment bore the label "PGNY," easily permitting the jury to infer that the garment was designed and manufactured at the behest of the New York-based Pretty Girl company.  This evidence is sufficient to support a finding of knowledge or, at least, reckless disregard of the possibility of infringement.

Although Nigri denied any knowledge of the origin of the design and the skirt's manufacture, the jury was free to disregard his testimony.  See Fabri v. United Techs. Int'l, Inc., 387 F.3d 109, 119 (2d Cir. 2004) ("The district court cannot set aside the jury's credibility findings and cannot find for the movant based on evidence the jury was entitled to discredit.  We apply the same standard." (internal citation omitted)).

**2.**  "The standard for appellate review of damage awards ... is whether the award is so high as to shock the judicial conscience and constitute a denial of justice."  O'Neill v. Krzeminski, 839 F.2d 9, 13 (2d Cir. 1988) (internal quotation marks omitted).  Because the jury found that Pretty Girl and Nigri had willfully infringed the L.A. Printex copyright, the Copyright Act permitted the jury to award up to $150,000 in damages "in its discretion."  17 U.S.C. § 504(c)(2); Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998).  We apply a deferential standard

3

in reviewing an award of statutory damages. Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 113 (2d Cir. 2001).

The damages award of $40,000 is well below the statutory maximum. Pretty Girl and Nigri argue that the award is disproportionate to the profits generated by sales of the infringing garment. But the "statutory award is also meant to discourage wrongful conduct ...[, which] is why the statute permits ... additional damages where an infringement is willful." Id. at 114 (internal quotation marks omitted) (upholding a $275,000 damages award when only $19,000 in infringement-related profits were generated). The award does not shock the conscience of the Court.

3.  "Whether laches bars an action in a given case ... is a question primarily addressed to the discretion of the trial court." Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 435 (1965) (internal quotation marks omitted). An abuse of discretion could consist of an erroneous view of the law or a clearly erroneous assessment of the evidence, see, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990), or a decision that, while not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions, see, e.g., Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008); Zervos v. Verizon New York, Inc., 252 F.3d 163, 169 (2d Cir. 2001). We see no abuse of discretion here.

To prevail on a laches defense, the defendant must show that: "(1) the plaintiff knew of the defendant's misconduct; (2) the plaintiff inexcusably delayed in taking action; and (3) the defendant was prejudiced by the delay." Ikelionwu v. United States, 150 F.3d 233, 237 (2d Cir. 1998). Pretty Girl and Nigri argue that they became unable to timely produce sales reports because of L.A. Printex's delay in bringing the action; but the record demonstrates that they were able to generate reports - and that, in fact, they did so. See L.A. Printex Indus., Inc. v. Pretty Girl of Ca., Inc., et al., No. 09-cv-4206 (S.D.N.Y. April 13, 2011, ECF No. 28). In denying defendants' motion to reopen discovery, the district court found defendants' argument "unsatisfactory to explain why the Sales Report was not produced" until after discovery concluded. Pretty Girl and

Nigri suffered no prejudice as a result of delay, and their laches defense therefore fails.

For the foregoing reasons, and finding no merit in Pretty Girl's and Nigri's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK