**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2221**

SHIRLEY ANN STEWART,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:15-cv-01362-CMH-JFA)

Submitted:  April 28, 2017                    Decided:  May 30, 2017

Before MOTZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Shirley Ann Stewart, Appellant Pro Se.  Dennis Carl Barghaan, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shirley Ann Stewart appeals the district court's orders dismissing as untimely her case under the Federal Tort Claims Act, 28 U.S.C. § 2671-80 (2012), and denying her motions to alter or amend and to vacate that judgment under Fed. R. Civ. P. 59(e) and 60(b), respectively. This FTCA case arose from Stewart's arrest following a search of her home by United States Immigration and Customs Enforcement agents. Time limitations for FTCA actions appear in FTCA § 2401(b), which provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

We review de novo the dismissal of Stewart's complaint under § 2401(b). *See In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 333 (4th Cir. 2014). Because Stewart filed this lawsuit on October 19, 2015, over a year after she received a letter from ICE denying her claim on September 11, 2014, the six-month limitations period set forth in § 2401(b) bars this action.

Stewart protests that the district court should have considered the start of this action to be the date she filed a prior lawsuit in the United States District Court for the District of Columbia. Stewart filed that lawsuit within the six-month limitations period, but the D.C. District Court found venue improper in its district. Where, as here, a plaintiff has timely brought an action in the wrong district in federal court, the court saves the case through transfer to a proper venue. *Burnett v. New York Cent. R.R.*, 380 U.S. 424, 430 (1965). Consistent with that procedure, the D.C. District Court attempted to

2

transfer the case to the United States District Court for the Eastern District of Virginia, and when that transfer failed, the D.C. District Court directed Stewart to resubmit her complaint to it for proper transfer. Stewart's remedy was therefore not through this separate, belated action in the Eastern District of Virginia, but through compliance with the instructions of the D.C. District Court. Her failure to take advantage of that remedy indicated a lack of diligent pursuit, and therefore, the D.C. lawsuit cannot serve as the basis for the timeliness of this separate action. *Cf. id.* (recognizing that timely filing suit against federal government in wrong district in federal court indicates diligent pursuit of lawsuit, and therefore, lawsuit should continue through transfer to proper venue).

Stewart also questions whether the six-month limitations period ever commenced. Stewart argues that the ICE denial letter did not trigger the six-month period because she had complained to other agencies and never received a response. Section 2401(b) requires plaintiffs to file their complaints with the "appropriate Federal agency," meaning the "agency whose activities gave rise to the claim." 28 C.F.R. § 14.2 (2008). The activities of ICE gave rise to Stewart's claim because ICE agents conducted the search, seizure, and arrest at issue in Stewart's complaint. Thus, ICE's denial commenced the six-month period for filing an action in court, and the other agencies' lack of response is irrelevant.

We therefore conclude that the district court did not err when it dismissed Stewart's FTCA case. Based on our review of the district court's ruling, we also conclude that the district court did not abuse its discretion when it denied Stewart's Rule 59(e) and 60(b) motions. Thus, we affirm the district court's judgment. We also deny

3

Stewart's motion to appoint or assign counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*