(Slip Opinion) OCTOBER TERM, 2019 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## ROTKISKE *v.* KLEMM ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 18–328.  Argued October 16, 2019—Decided December 10, 2019

The Fair Debt Collection Practices Act (FDCPA) authorizes private civil actions against debt collectors who engage in certain prohibited practices. An FDCPA action must be brought "within one year from the date on which the violation occurs." 15 U. S. C. §1692k(d). Respondent Klemm & Associates (Klemm) sued petitioner Rotkiske to collect an unpaid debt and attempted service at an address where Rotkiske no longer lived. An individual other than Rotkiske accepted service. Rotkiske failed to respond to the summons, and Klemm obtained a default judgment in 2009. Rotkiske claims that he first learned of this judgment in 2014 when his mortgage application was denied. He then filed suit against Klemm, alleging that Klemm violated the FDCPA by contacting him without lawful ability to collect. Klemm moved to dismiss the action as barred by the FDCPA's one-year statute of limitations. As relevant here, Rotkiske argued for the application of a "discovery rule" to delay the beginning of the limitations period until the date that he knew or should have known of the alleged FDCPA violation. Relying on the statute's plain language, the District Court rejected Rotkiske's approach and dismissed the action. The Third Circuit affirmed.

*Held*: Absent the application of an equitable doctrine, §1692k(d)'s statute of limitations begins to run when the alleged FDCPA violation occurs, not when the violation is discovered. Pp. 4–7.

  (a) The plain text of §1692k(d) unambiguously sets the date of the violation as the event that starts the FDCPA's one-year limitations period. Rotkiske argues for the application of a general discovery rule as a principle of statutory interpretation that, in effect, would read a discovery provision into §1692k(d). But adopting this approach would require improper atextual supplementation of the statute. Such supplementation is particularly inappropriate when, as here, Congress has

shown that it knows how to adopt the omitted language or provision. See, *e.g.*, 12 U. S. C. §3416. Pp. 4–6.

(b) Rotkiske cannot rely on the application of an equitable, fraud-specific discovery rule to excuse his otherwise untimely filing. This Court has noted the existence of decisions applying a discovery rule in fraud cases, see, *e.g., Merck & Co.* v. *Reynolds*, 559 U. S. 633, 644, and has characterized these decisions as applying an equity-based doctrine, see, *e.g., California Public Employees' Retirement System* v. *ANZ Securities, Inc.*, 582 U. S. ___, ___. Rotkiske, however, neither preserved this issue before the Third Circuit nor raised it in his petition for certiorari. Pp. 6–7.

890 F. 3d 422, affirmed.

THOMAS, J., delivered the opinion of the Court, in which ROBERTS, C. J., and BREYER, ALITO, SOTOMAYOR, KAGAN, GORSUCH, and KAVANAUGH, JJ., joined. SOTOMAYOR, J., filed a concurring opinion. GINSBURG, J., filed an opinion dissenting in part and dissenting from the judgment.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 18–328
_____

## KEVIN C. ROTKISKE, PETITIONER *v.* PAUL KLEMM, ET AL.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

[December 10, 2019]

JUSTICE THOMAS delivered the opinion of the Court.

The Fair Debt Collection Practices Act (FDCPA) authorizes private civil actions against debt collectors who engage in certain prohibited practices. 91 Stat. 881, 15 U. S. C. §1692k(a). An action under the FDCPA may be brought "within one year from the date on which the violation occurs." §1692k(d). This case requires us to determine when the FDCPA's limitations period begins to run. We hold that, absent the application of an equitable doctrine, the statute of limitations in §1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered.

## I

### A

In 1977, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." §1692(e). The

FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices. §§1692b–1692j.

The FDCPA authorizes the Federal Trade Commission, the Bureau of Consumer Financial Protection, and other federal agencies to enforce its provisions. §1692*l*. The FDCPA also authorizes private civil actions against debt collectors. §1692k(a). These private civil actions "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." §1692k(d).

B

Petitioner Kevin Rotkiske failed to pay approximately $1,200 in credit card debt.[1] His credit card company referred the debt to respondent Klemm & Associates (Klemm) for collection.[2] In March 2008, Klemm sued Rotkiske, seeking to collect the unpaid debt. Klemm attempted service at an address where Rotkiske no longer lived, and a person whose description did not match Rotkiske's accepted service of the complaint. Klemm later withdrew the suit.

Klemm refiled suit in January 2009, and a process server attempted service at the same address. Once again, someone other than Rotkiske accepted service. Rotkiske failed to respond to the summons, and Klemm obtained a default

———————

[1] Because this case comes to us from a decision granting a motion to dismiss, we assume the truth of the facts alleged in Rotkiske's operative complaint. See, *e.g.*, *Swierkiewicz* v. *Sorema N. A.*, 534 U. S. 506, 508, n. 1 (2002).

[2] Paul Klemm, the managing partner of Klemm & Associates, moved to a new firm named Nudelman, Nudelman & Ziering, which was later renamed Nudelman, Klemm & Golub. Rotkiske has sued Paul Klemm, Klemm & Associates, Nudelman, Klemm & Golub, and Nudelman, Nudelman & Ziering. For the sake of simplicity, we refer to the respondents as Klemm.

judgment. Rotkiske claims that he was not aware of Klemm's 2009 debt-collection lawsuit until September 2014, when he was denied a mortgage because of the default judgment against him.

On June 29, 2015, more than six years after the default judgment, Rotkiske brought suit against Klemm under the FDCPA. Rotkiske's amended complaint alleged that equitable tolling excused his otherwise untimely filing because Klemm purposely served process in a manner that ensured he would not receive service. The sole FDCPA claim in the complaint asserted that Klemm commenced the 2009 debt-collection lawsuit after the state-law limitations period expired and therefore "violated the FDCPA by contacting [Rotkiske] without lawful ability to collect." First Amended Complaint in No. 2:15–cv–03638 (ED Pa.), Doc. 15, p. 4.

Klemm moved to dismiss the action as barred by the FDCPA's one-year statute of limitations, 15 U. S. C. §1692k(d). Rotkiske argued that the court should apply a "discovery rule" to delay the beginning of the limitations period until the date he knew or should have known of the alleged FDCPA violation. To support this contention, Rotkiske relied on the Ninth Circuit's decision in *Mangum* v. *Action Collection Serv., Inc.*, 575 F. 3d 935 (2009). That case held that, under the "discovery rule," limitations periods in federal litigation generally begin to run when plaintiffs know or have reason to know of their injury. *Id.,* at 940–941.

The District Court dismissed the action. It held that the Ninth Circuit's general rule does not apply to §1692k(d), relying on the statute's plain language. The court also concluded that Rotkiske was not entitled to equitable tolling because, even accepting the truth of the allegations in the complaint, he was not misled by Klemm's conduct.

On appeal, the Third Circuit *sua sponte* reviewed the case en banc and unanimously affirmed. 890 F. 3d 422 (2018). The court held that, under the text of §1692k(d), the

FDCPA's one-year limitations period runs from the "date on which the violation occurs," not the date a potential plaintiff discovers or should have discovered the violation. *Id.,* at 425–426. The court expressly rejected the Ninth Circuit's approach, stating that there is no default presumption that all federal limitations periods run from the date of discovery. *Id.,* at 427. Rotkiske failed to raise the application of equitable doctrines on appeal, so the court did not address that issue. *Id.,* at 428–429.

Given the conflict between the Courts of Appeals, see *id.,* at 427, we granted certiorari. 586 U. S. ___ (2019).

## II

The question before us is whether the "discovery rule" applies to the FDCPA's limitations period. The phrase "discovery rule," however, has no generally accepted meaning. Rotkiske's arguments invoking the discovery rule implicate two distinct concepts—the application of a general discovery rule as a principle of statutory interpretation and the application of a fraud-specific discovery rule as an equitable doctrine. We address each in turn.

## A

When interpreting limitations provisions, as always, "we begin by analyzing the statutory language." *Hardt* v. *Reliance Standard Life Ins. Co.*, 560 U. S. 242, 251 (2010). If the words of a statute are unambiguous, this first step of the interpretive inquiry is our last. *Connecticut Nat. Bank* v. *Germain*, 503 U. S. 249, 254 (1992). If "there are two plausible constructions of a statute of limitations," we generally "adopt the construction that starts the time limit running when the cause of action . . . accrues" because "Congress legislates against the 'standard rule that the limitations period commences when the plaintiff has a complete and present cause of action.'" *Graham County Soil & Water Conservation Dist.* v. *United States ex rel. Wilson*, 545

U. S. 409, 418–419 (2005) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund* v. *Ferbar Corp. of Cal.*, 522 U. S. 192, 201 (1997)).

Here, the text of §1692k(d) clearly states that an FDCPA action "may be brought . . . within one year from the date on which the violation occurs." That language unambiguously sets the date of the violation as the event that starts the one-year limitations period. At the time of the FDCPA's enactment, the term "violation" referred to the "[a]ct or instance of violating, or state of being violated." Webster's New International Dictionary 2846 (2d ed. 1949) (Webster's Second). The term "occur" meant "to happen," and, as Webster's Second explains, "occur" described "that which is thought of as definitely taking place as an event." *Id.,* at 1684. Read together, these dictionary definitions confirm what is clear from the face of §1692k(d)'s text: The FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened. We must presume that Congress "says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank*, 503 U. S., at 254.

Rotkiske does not contest the plain meaning of §1692k(d)'s text or claim that he brought suit within one year of the alleged FDCPA violation. Instead, he suggests that we should interpret §1692k(d) to include a general "discovery rule" that applies to all FDCPA actions. In effect, Rotkiske asks the Court to read in a provision stating that §1692k(d)'s limitations period begins to run on the date an alleged FDCPA violation is discovered.

This expansive approach to the discovery rule is a "bad wine of recent vintage." *TRW Inc.* v. *Andrews*, 534 U. S. 19, 37 (2001) (Scalia, J., concurring in judgment). It is a fundamental principle of statutory interpretation that "absent provision[s] cannot be supplied by the courts." A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 94 (2012). To do so "'is not a construction of a statute, but,

in effect, an enlargement of it by the court.'" *Nichols* v. *United States*, 578 U. S. ___, ___ (2016) (slip op., at 6) (quoting *Iselin* v. *United States*, 270 U. S. 245, 251 (1926)).

Atextual judicial supplementation is particularly inappropriate when, as here, Congress has shown that it knows how to adopt the omitted language or provision. Congress has enacted statutes that expressly include the language Rotkiske asks us to read in, setting limitations periods to run from the date on which the violation occurs *or the date of discovery of such violation.* See, *e.g.,* 12 U. S. C. §3416; 15 U. S. C. §1679i. In fact, at the time Congress enacted the FDCPA, many statutes included provisions that, in certain circumstances, would begin the running of a limitations period upon the *discovery* of a violation, injury, or some other event. See, *e.g.,* 15 U. S. C. §77m (1976 ed.); 19 U. S. C. §1621 (1976 ed.); 26 U. S. C. §7217(c) (1976 ed.); 29 U. S. C. §1113 (1976 ed.).

It is not our role to second-guess Congress' decision to include a "violation occurs" provision, rather than a discovery provision, in §1692k(d). The length of a limitations period "reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Johnson* v. *Railway Express Agency, Inc.*, 421 U. S. 454, 463–464 (1975). It is Congress, not this Court, that balances those interests. We simply enforce the value judgments made by Congress.

## B

Narrowing his initial assertion and moving away from the question on which we granted certiorari, Rotkiske also contends that his filing should be treated as timely under an equitable, fraud-specific discovery rule, relying on a line of decisions beginning with *Bailey* v. *Glover*, 21 Wall. 342 (1875). Rotkiske claims that *Bailey* and its progeny apply an equitable doctrine that delays the commencement of the

statute of limitations in fraud actions, and that he has pleaded (or could plead) a claim within the scope of this doctrine. This Court has noted the existence of decisions applying a discovery rule in "fraud cases" that is distinct from the traditional equitable tolling doctrine. *Merck & Co.* v. *Reynolds*, 559 U. S. 633, 644 (2010); *Gabelli* v. *SEC*, 568 U. S. 442, 450 (2013) (referring to the "fraud discovery rule"). And it has repeatedly characterized these decisions as applying an equity-based doctrine. *California Public Employees' Retirement System* v. *ANZ Securities, Inc.*, 582 U. S. \_\_\_, \_\_\_–\_\_\_ (2017) (slip op., at 10–11); *Lozano* v. *Montoya Alvarez*, 572 U. S. 1, 10–11 (2014); *Credit Suisse Securities (USA) LLC* v. *Simmonds*, 566 U. S. 221, 226–227 (2012); *Young* v. *United States*, 535 U. S. 43, 49–50 (2002). Rotkiske failed to preserve this issue before the Third Circuit, 890 F. 3d, at 428, and failed to raise this issue in his petition for certiorari. Accordingly, Rotkiske cannot rely on this doctrine to excuse his otherwise untimely filing.[3]

\*　　\*　　\*

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*It is so ordered.*

---

[3] We do not decide whether the text of 15 U. S. C. §1692k(d) permits the application of equitable doctrines or whether the claim raised in this case falls within the scope of the doctrine applied in *Bailey* and its progeny.

# SUPREME COURT OF THE UNITED STATES

_____

No. 18–328

_____

## KEVIN C. ROTKISKE, PETITIONER *v.*
## PAUL KLEMM, ET AL.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

[December 10, 2019]

JUSTICE SOTOMAYOR, concurring.

Like my colleagues in both the majority and the partial dissent, I agree that 15 U. S. C. §1692k(d) is a one-year statute of limitations that typically begins to run when the alleged violation "occurs," not when the plaintiff discovers it. Compare *ante*, at 1, with *post*, at 1 (GINSBURG, J., dissenting in part and from judgment). The only daylight between the majority and dissenting opinions is whether petitioner Rotkiske forfeited reliance on an "equitable, fraud-specific discovery rule" that forgives otherwise untimely filings. *Ante*, at 6–7; cf. *post*, at 4–5. Because I believe the Court of Appeals fairly found that Rotkiske failed to preserve an equitable argument of this sort, see 890 F. 3d 422, 429, and n. 5 (CA3 2018), and because the Court did not grant certiorari on that doctrine, I join the majority opinion.

I write separately to emphasize that this fraud-specific equitable principle is not the "'bad wine of recent vintage'" of which my colleagues speak. *Ante*, at 5 (quoting *TRW Inc.* v. *Andrews*, 534 U. S. 19, 37 (2001) (Scalia, J., concurring in judgment)). Rather, the Court has long "recogni[zed]" and applied this "historical exception for suits based on fraud." *Id.*, at 37; see also *id.*, at 27 (majority opinion) (noting equitable discovery rule "in cases of fraud or concealment"); *Holmberg* v. *Armbrecht*, 327 U. S. 392 (1946); *Exploration Co.* v. *United States*, 247 U. S. 435 (1918); *Bailey*

v. *Glover,* 21 Wall. 342 (1875); *Sherwood* v. *Sutton*, 21 F. Cas. 1303 (No. 12,782) (CC NH 1828) (Story, J.). Nothing in today's decision prevents parties from invoking that well-settled doctrine.

# SUPREME COURT OF THE UNITED STATES

_____

No. 18–328

_____

## KEVIN C. ROTKISKE, PETITIONER _v._ PAUL KLEMM, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

[December 10, 2019]

JUSTICE GINSBURG, dissenting from the opinion in part and from the judgment.

Generally, I agree with the Court, the "discovery rule" does not apply to the one-year statute of limitations contained in the Fair Debt Collection Practices Act (FDCPA), 15 U. S. C. §1692k(d). That limitations period ordinarily commences to run on the date "the violation occurs," _ibid._ See _TRW Inc._ v. _Andrews_, 534 U. S. 19, 28–33 (2001). But the ordinarily applicable time trigger does not apply when fraud on the creditor's part accounts for the debtor's failure to sue within one year of the creditor's violation. _Id._, at 37 (Scalia, J., concurring in judgment). See also _id._, at 27 (majority opinion).

True, in the case at hand, debtor Rotkiske's FDCPA claim does not rest on any fraud inhering in the claim creditor Klemm stated in his debt-collection suit. Rather, debtor Rotkiske alleges that creditor Klemm commenced the debt-collection suit too late. But Rotkiske was disarmed from asserting that defense in Klemm's suit, for he never received notice of the suit and therefore had no opportunity to defend against it. For the same reason, he was stopped

from raising an FDCPA claim challenging Klemm's suit within the one-year limitations period.  By knowingly arranging for service of the complaint against Rotkiske at an address where Rotkiske no longer lived, and filing a false affidavit of service, Rotkiske alleges, Klemm engaged in fraud.  Such fraud, I would hold, warrants application of the discovery rule to time Rotkiske's FDCPA suit from the date he learned of the default judgment against him.

As today's decision recognizes, see *ante*, at 6–7, this Court long ago "adopted as its own the old chancery rule that where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute [of limitations] does not begin to run until the fraud is discovered."  *Holmberg* v. *Armbrecht*, 327 U. S. 392, 397 (1946) (internal quotation marks omitted).  See also *Bailey* v. *Glover*, 21 Wall. 342, 347 (1875) ("[W]hen the object of the suit is to obtain relief against a fraud, the bar of the statute does not commence to run until the fraud is discovered or becomes known to the party injured by it.").  Like the general discovery rule that lower courts have "appl[ied] . . . when a statute is silent on the issue" of a claim's accrual, *TRW Inc.*, 534 U. S., at 27 (quoting *Rotella* v. *Wood*, 528 U. S. 549, 555 (2000)), the fraud-based discovery rule operates as a statutory presumption "read into every federal statute of limitation," *Holmberg*, 327 U. S., at 397.  This circumscribed rule is distinct from the general discovery rule in that it governs only "case[s] of fraud."  *Merck & Co.* v. *Reynolds*, 559 U. S. 633, 644 (2010).  Unlike the general discovery rule, there is no reason to believe the FDCPA displaced the fraud-based discovery rule.  The Court does not hold otherwise.

The fraud-based discovery rule has a thrust different from equitable tolling.*  "Equitable tolling" describes a doctrine that pauses, or "tolls," a statutory limitations period

––––––––––
*The two doctrines are often blended or confused.  See *Klehr* v. *A. O.*

after it has commenced. *Lozano* v. *Montoya Alvarez*, 572 U. S. 1, 10 (2014). A litigant qualifies for equitable tolling only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Tribe of Wis.* v. *United States*, 577 U. S. \_\_, \_\_ (2016) (slip op., at 5) (internal quotation marks omitted). For example, in *Burnett* v. *New York Central R. Co.*, 380 U. S. 424 (1965), a plaintiff filed an action under the Federal Employers' Liability Act (FELA) in Ohio state court, alleging that he sustained a workplace injury just under three years earlier. *Ibid.* Several months later, the state court dismissed the suit for improper venue under state law. *Id.*, at 425. The plaintiff promptly brought an identical action in federal district court. That court dismissed the action on the ground that the FELA's three-year statute of limitations began to run when the plaintiff was injured and had expired while his state-court action was pending. *Ibid.* This Court reversed. *Id.,* at 436. Yes, the limitations period began to run on the date of the plaintiff's injury. But, the Court held, the clock tolled during the pendency of the plaintiff's state-court suit. *Ibid.* Subtracting the time consumed by the state-court suit, the plaintiff's federal action was timely. *Id.*, at 426, 434–436.

By contrast, the fraud-based discovery rule sets the time

_____

*Smith Corp.*, 521 U. S. 179, 192 (1997). The Court has sometimes referred to *Bailey* v. *Glover*, 21 Wall. 342 (1875), and *Holmberg* v. *Armbrecht*, 327 U. S. 392 (1946), as equitable tolling decisions. See *Lampf, Pleva, Lipkind, Prupis & Petigrow* v. *Gilbertson*, 501 U. S. 350, 363 (1991); *Lozano* v. *Montoya Alvarez*, 572 U. S. 1, 10–11 (2014). And it has described *Holmberg* as "stand[ing] for the proposition that equity tolls the statute of limitations in cases of fraud or concealment." *TRW Inc.* v. *Andrews*, 534 U. S. 19, 27 (2001). But as this Court recently clarified, each doctrine has an independent office. See *Gabelli* v. *SEC*, 568 U. S. 442, 447, n. 2, 449 (2013) (addressing whether application of the fraud-based discovery rule was appropriate after acknowledging that the plaintiff had expressly waived equitable tolling).

at which a claim accrues, *i.e.*, the time when the statute of limitations commences to run. See *Merck & Co.*, 559 U. S., at 644–645. It is "an exception to the standard rule" that "a claim accrues when the plaintiff has a complete and present cause of action." *Gabelli* v. *SEC*, 568 U. S. 442, 448–449 (2013) (internal quotation marks omitted). Accordingly, when a plaintiff is "injured by fraud . . . 'the bar of the statute does not begin to run until the fraud is discovered.' " *Holmberg*, 327 U. S., at 397 (quoting *Bailey*, 21 Wall., at 348). For example, in *Exploration Co.* v. *United States*, 247 U. S. 435 (1918), a company had unlawfully procured land from the United States through a series of fraudulent transactions in 1902. *Id.*, at 437, 438. The parties involved in the transactions successfully concealed the scheme until 1909. *Ibid.* When the Government brought suit to void the transactions, the company raised the six-year statute of limitations as a defense. *Id.*, at 445. Applying the fraud-based discovery rule, the Court held that the limitations period began to run only upon the Government's discovery of the fraud. *Id.*, at 449. The suit was filed within six years of that date and was therefore timely. *Ibid.*

I do not agree that Rotkiske failed to preserve a fraud-based discovery rule argument in the Court of Appeals. See *ante,* at 7. Rotkiske did raise the issue; he argued that "[a]t the very least, . . . the discovery rule applies to [FDCPA] claims based on false or misleading misrepresentations or other self-concealing conduct." Supp. Brief for Appellant in No. 16–1668 (CA3), p.13 (citing *Bailey*, 21 Wall., at 350). The Court of Appeals apparently declined to address that argument because Rotkiske had failed to raise "equitable tolling" in his appellate briefs. 890 F. 3d 422, 428–429, and n. 5 (CA3 2018). But failure to raise "equitable tolling" should pose no obstacle to determining whether the discrete fraud-based discovery rule applies to Rotkiske's claim.

Nor do I agree that Rotkiske forfeited the issue by not

raising it in his petition for certiorari. See *ante*, at 7. Generously read, Rotkiske asked whether a discovery rule of any kind applies to the FDCPA's one-year statute of limitations. While hardly a model of the deft pleader's art, the petition for certiorari stated that Rotkiske did not learn of Klemm's debt-collection suit and default judgment until long after their occurrence because of the "intended re-service [of Klemm's complaint] at a known incorrect address." Pet. for Cert. 8. His brief on the merits in this Court noted: "Petitioner is not advocating that the Court adopt a generally applicable discovery rule." Brief for Petitioner 16, n.16. His reply brief was more precise: "The default judgment obtained by [Klemm] at issue in [Rotkiske's FDCPA complaint] was made possible by the filing of a fraudulent Affidavit of Service." Reply Brief 15. Indeed, the Court recognizes that Rotkiske's arguments included "a fraud-specific discovery rule as an equitable doctrine." *Ante,* at 4.

Rotkiske's FDCPA complaint, in my view, falls comfortably within the fraud-based discovery rule's scope. See Brief for Samuel L. Bray et al. as *Amici Curiae* 12–14. Rotkiske alleged that Klemm engaged in "sewer service"—intentionally serving process in a manner designed to prevent Rotkiske from learning of the collection suit. Klemm did so, according to Rotkiske, in order to ensure that Klemm's untimely suit would result in a default judgment that would remain undiscovered until time to oppose that judgment, and to commence an FDCPA suit, ran out. Though Rotkiske did not allege that "sewer service" is itself a practice independently proscribed by the FDCPA, such service is nonetheless a fraudulent abuse that should trigger the fraud-based discovery rule. See Reply Brief 15–17.

The Government urges that the fraud-based discovery rule applies only when the fraudulent conduct is itself the basis for the plaintiff's claim for relief. Brief for United States as *Amicus Curiae* 31–32. That is not so of Rotkiske's

complaint, the Government observes, for his claim is premised on the assertion that Klemm's debt-collection suit was time barred.

I do not view the fraud-based discovery rule as so confined and would hold that the rule governs if either the conduct giving rise to the claim is fraudulent, or if fraud infects the manner in which the claim is presented. That understanding of the rule is consistent with its equitable roots and historic rationale. Nearly two centuries ago, Justice Story explained the rule this way: "[E]very statute is to be expounded reasonably, so as to suppress, and not to extend, the mischief[s] which it was designed to cure." *Sherwood* v. *Sutton*, 21 F. Cas. 1303, 1307 (No. 12,782) (CC NH 1828). Because statutes of limitations "preven[t] fraudulent and unjust claims from starting up at great distances of time," a limitations provision "ought not . . . be so construed, as to become an instrument to encourage fraud, if it admits of any other reasonable interpretation." *Ibid.* "[C]ases of fraud, therefore, form an implied exception [to a limitations prescription]," so as not to "permi[t] the defendant to avail himself of his own fraud." *Ibid.* This Court expressed the same understanding of the fraud-based discovery rule in *Bailey.* There, the Court stated: "To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure." 21 Wall., at 349.

Klemm allegedly employed fraudulent service to obtain and conceal the default judgment that precipitated Rotkiske's FDCPA claim. That allegation, if proved, should suffice, under the fraud-based discovery rule, to permit adjudication of Rotkiske's claim on its merits.

*        *        *

Opinion of GINSBURG, J.

For the reasons stated, I would vacate the judgment of the Court of Appeals for the Third Circuit and remand the case for further proceedings.